I expressed my opinion in writing in this case on the 26th of September, 1934, when three members of the court — there being only six members living — issued the writ of certiorari and the rule on Judge Jones and Judge Porter to show cause on the 26th of November, 1934, why the relief prayed for by the Secretary of State should not be granted. *Page 536 
We had all of the facts and records before us at that time, on the 26th of September, 1934; and the only matter which we had to determine, as I saw it, was the correct interpretation of section 30 of Act No. 97 of 1922. According to my interpretation of the statute, Judge Porter became the nominee of the Democratic Party by the death of Justice Overton, two days before the date of the primary election. For that reason I was opposed to the granting of the writ of certiorari and stay order in this case. The statute declares that, if there is only one candidate for any particular office, after the time allowed by law for candidates to enter has passed, the candidate who has entered shall be declared the nominee of the party without the necessity of holding a primary election for that office. Then the statute provides that, if one or more of the candidates for any particular office shall die after the date allowed originally for candidates to enter has passed, new candidates may yet enter within five days from the date of the death, provided the death does not occur within seven days from the date of the primary election. Justice Overton's death did occur within seven days — in fact, it occurred within three days — from the date of the primary election. Judge Porter was then the only candidate for that office; and, as the time allowed for other candidates to enter had passed, Judge Porter was entitled to the nomination, without the necessity of holding a primary election for that office. The reason why the Legislature did not repeat, in the third paragraph of this section of the statute, that, if there should be only one candidate for any particular office after the time allowed for entries has passed, the one candidate should have the nomination *Page 537 
without the holding of a primary election for that office, is that this third paragraph provides for the case of the death of a candidate when more than two candidates have entered, as well as when only two candidates have entered. If a candidate dies within seven days from the date of the primary election, the primary election must go on if there remain two or more candidates; but, if there remains only one candidate after the time allowed for entries has passed, there is, of course, no necessity for holding the primary election for that particular office. Justice Overton died on Sunday, the 9th of September. The date of the primary election was Tuesday, the 11th of September. The primary election was held; and Judge Porter, being the only remaining candidate, received, of course, a majority of the votes cast. It is a matter of no importance, therefore, whether we say that Judge Porter's nomination came to him by the untimely death of Justice Overton, or came by virtue of Judge Porter's receiving a majority of the votes cast in the primary election. There was no authority in law for the holding of another primary, such as was held on the 9th of October, 1934. The only case in which the law allows a second primary is when there are three or more candidates for the same office and none of them receives a majority of the votes cast for that office in the first primary; in which event the second primary must be held five weeks after the date of the first primary, unless the end of the fifth week falls on Mardi Gras Day — in which event the second primary must be held six weeks after the date of the first primary. It is so provided in the twenty-seventh section of the statute. There were less than five weeks — in fact, exactly *Page 538 
four weeks — between the 9th of October and the date of the November election, which was on the 6th of November, 1934. Therefore, if three or more candidates had entered in the primary election that was held on the 9th of October, and if none of them had received a majority of the votes cast, it would have been impossible to carry out the provisions of the statute with regard to the holding of a second primary. This, I think, demonstrates that the statute does not allow a postponement of the first primary, or the holding of another primary, when one of the two or more candidates dies within seven days from the date of the first primary.
With regard to the plea to the jurisdiction, and the plea of nonjoinder of parties, and of no cause or right of action — which pleas were filed by the Secretary of State in the district court — my opinion was, on the 26th of September, and is yet, that the district court in Baton Rouge, where the Secretary of State has his official domicile, had jurisdiction of this suit, and that the executive committee was not a necessary party to the suit. The Executive Committee had no function to perform with regard to Judge Porter's nomination, such as canvassing the returns and promulgating the result of the primary election, because Judge Porter became the nominee by the death of Justice Overton, without the necessity of a primary election for that office. I do not consider it important that Judge Porter's suit against the Secretary of State was brought by way of an injunction proceeding, instead of being brought by way of a mandamus proceeding.
I agree, however, to the dismissal of the present proceeding in this court, on the *Page 539 
ground that it presents now only a moot question. I expressed my apprehension that this might be the consequence when the writ of certiorari and the stay order were granted in this case. That was the consequence in the case No. 32076, Broussard v. Democratic Executive Committee, where one member of the court — not acting as the organ of the court, but without consultation with the other members of the court — granted a writ of certiorari, with a stay order, returnable after the date of the election. The case is reported in 176 La. 620, 146 So. 313. And that is why a majority of the members of the court refused to issue a writ of certiorari and a stay order in case No. 33133, Williams v. Board of Supervisors, where the judgment complained of was apparently correct, and where the time was so short that it would have been impossible for this court to render a final judgment in the case if we had issued a writ of certiorari, or rule to show cause, with a stay order. In the present case, the right which Judge Porter had by virtue of the judgment of the district court was the right to be the nominee of the Democratic Party in the November election. All of which has passed under the bridge, so to speak.